IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO MAURICE LACY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-850-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Antonio Maurice Lacy, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On June 12, 1991, in the 213th District Court, Tarrant County, Texas, Case No. 0386876D, a jury found Petitioner guilty of murder with a deadly weapon, a knife, in the stabbing death of Betty Kennedy. The next day, Petitioner pleaded true to the enhancement and habitual counts in the indictment and the jury sentenced him to life imprisonment. Tr. 110, ECF No. 19. On appeal, the Second District Court of Appeals of Texas affirmed the judgment of conviction, and, on September 15, 1993, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Docket Sheet, ECF No. 13-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. Therefore, his conviction became final ninety days later on December 14, 1993. *See* SUP. CT. R. 13.1

Petitioner also sought state postconviction relief by filing three state habeas-corpus applications challenging his conviction between August 2010 and June 2016. This federal petition for federal habeas relief was filed on September 7, 2016.[1] *Id.* at 10.

Petitioner raises the following two grounds for relief:

(1) The Texas Court of Criminal Appeals's dismissal of his state habeas application in WR-9,730-09 as a subsequent application under article 11.07, § 4 "constitutes an adjudication on the merits for proposes of determining [the] standard of review for prisoners federal petitioner"; and

(2) He was denied ineffective assistance of trial counsel by counsel's failure to know the laws regarding the "validation and existence" of the statute under which he was convicted, which is void on its face.

*Id.* at 6.

Respondent contends the petition is untimely under the federal statute of limitations. Resp't's Preliminary Answer 3-11, ECF No. 11.

## II. LEGAL DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of subsection (A), applicable to this case, petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Therefore, Petitioner's federal petition filed on September 7, 2016, is untimely unless he is entitled to tolling of the limitations period.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas applications, all of which were filed after limitations had already expired, did not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the

petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not assert, and there is no evidence in the record, that he was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. His extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Instead, Petitioner asserts that void judgements are subject to collateral attack at any time. Pet'r's Resp. 2, ECF No. 16. However, the concept of attacking void judgments at any time is a state-law matter and is not an exception to the federal statute of limitations. *See Nortonsen v. Reid,* 133 Fed. App'x 509, 2005 WL 1253964, at *1 (10th Cir.), *cert. denied,* 546 U.S. 1040 (2005); *Bashroba v. Stephens,* No. 3:14-CV-43-N-BN, 2014 WL 4805964, at *3 (N.D.Tex. Sept. 2, 2014), *report and recommendation adopted by* 2014 WL 4815787 (N.D.Tex. Sept. 29, 2014); *Perry v. Stephens,* No. 4:13-CV-540-Y, 2013 WL 5943119, at *1 (N.D.Tex. Nov. 6, 2013).

Petitioner also asserts that under *Trevino v. Thaler,* 569 U.S. 413 (2013), "[a] procedural default will not bar a federal habeas court from hearing a subsequent claim of ineffective assistance counsel at trial." Pet'r's Resp. 5, ECF No. 16. In *Trevino,* the United States Supreme Court held that the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler,* 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan,* 566 U.S. 1, 17 (2013)). However, this line of cases address exceptions to a state-imposed procedural default and do not apply to the

4

federal statute of limitations or the tolling of that period. *See Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014), *cert. denied,* 135 S. Ct. 106 (2014); *Huckaby v. Davis,* No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D.Tex. Dec. 27, 2017); *Shavers v. Stephens,* No. 4:14-CV-1029-A, 2015 WL 4481527, at *2-3 (N.D.Tex. July 21, 2015); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646, at *4 (N.D.Tex. June 9, 2014).

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before April 24, 1997. His petition filed on September 7, 2016, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 20th day of July, 2018.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

5